**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHONSO STUDDARD, <br> aka ALPHONSO STODDARD,[1] <br>     Petitioner, <br> v. <br> B. M. TRATE, <br>     Respondent. | Case No.: 1:22-cv-01233-SKO (HC) <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> [21-DAY OBJECTION DEADLINE] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Atwater, California.  On September 28, 2022, he filed the instant federal petition challenging his sentence.  Upon review of the pleadings, the Court finds the petition to be successive and lacks jurisdiction.  Therefore, the Court will recommend that the instant petition be DISMISSED.

/////

/////

/////

---

[1] The caption of this case as well as the form petition lists Petitioner's name as "Alphonso Studdard." However, Petitioner's name in the court of conviction is listed as "Alphonso Stoddard."

1

# BACKGROUND[2]

On November 7, 2014, following his conviction by a jury for participating in the armed robbery of commercial banks in Fall of 2013, Petitioner was sentenced in relevant part (1) to the mandatory term of life imprisonment under 18 U.S.C. § 3559(c)(1) on Counts 2, 4, and 6 of the Indictment[3] and (2) three separate 25-year consecutive sentences under § 924(c)(1) on Counts 3, 5, and 7 of the Indictment. The total term of Petitioner's imprisonment was life plus 75 years.

On June 9, 2021, upon Petitioner's pro se motion for sentence reduction, a memorandum opinion issued that granted Petitioner's motion for sentence reduction in part, reducing Petitioner's term of imprisonment from life plus 75 years to life imprisonment. The June 9, 2021, memorandum opinion specifically rejected Petitioner's additional argument that a sentence of less than life was appropriate.[4]  As a result, Petitioner is now serving a life sentence on Counts 2, 4, and 6. On June 24, 2021, Petitioner filed a one-page motion for reconsideration, contending his life sentence should be reduced to a term of years sentence. On June 28, 2021, an order issued denying Petitioner's motion for reconsideration.

On July 2, 2021, Petitioner filed a second motion for reconsideration, contending for a third time that his life sentence should be reduced to a term of years sentence. The court determined that

---

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court hereby takes judicial notice of the United States District Court for the Eastern District of Virginia's opinion denying Petitioner's second motion for reconsideration.  See United States v. Stoddard, Case No. 1:14-cr-00076-TSE (E.D. Va. 2014) (Doc. 395.)  The procedural background is taken from the district court's opinion.

[3] Section 3559(c)(1) imposes a mandatory term of life imprisonment for any person previously convicted of "2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A). In this respect, Petitioner was previously convicted in 1974 and 1997 of serious violent felonies, namely armed robberies, in violation of 18 U.S.C. § 2113(a) and (d). See United States v. Stoddard, Case No. 1:14-cr-00076-TSE (E.D. Va. 2014) (Notice of Mandatory Life Sentence) (Dkt. 135); 18 U.S.C. § 3559(c)(2)(F) ("the term 'serious violent felony' means . . . robbery (as described in section [] 2113"); PSR ¶¶ 59, 62 (Dkt. 244). Following his arrest for the 2013 armed bank robberies for which he is now sentenced, Petitioner told the FBI that he was a professional bank robber. See United States v. McNeal, 818 F.3d 141, 147 (4th Cir. 2016) (discussing trial evidence).

[4] The June 9, 2021 Memorandum Opinion provided two reasons for rejecting this argument: (1) the mere fact of a life sentence under § 3559(c)(1) is not itself an extraordinary and compelling basis for a sentence reduction and (2) the § 3553(a) factors made clear that a life sentence was the appropriate sentence here. See United States v. Stoddard, No. 1:14-cr-76, 2021 WL 2379568, at *4 n.10 (E.D. Va. June 9, 2021) ("There is no persuasive basis to reduce Defendant's term of life imprisonment for Counts 2, 4, and 6."); see also id. at *6 ("A sentence of less than life is insufficient to achieve the goals of sentencing. The appropriate sentence is thus a life sentence.").

nothing about Petitioner's second motion for reconsideration altered the result previously reached in the matter that a life sentence was the appropriate sentence for Petitioner's criminal conduct. On July 6, 2021, the court denied the second motion for reconsideration.  The court repeated what had been said in prior opinions, that there were two separate and independently sufficient reasons for declining to reduce Petitioner's sentence below life: (1) Petitioner did not demonstrate extraordinary and compelling circumstances warranting a sentence reduction below life; and (2) Petitioner's § 3553(a) factors pointed persuasively to the conclusion that a life sentence was the appropriate sentence. The court found that Petitioner, a professional bank robber, committed the offenses for which he was sentenced at age 59, and a sentence of life was sufficient but not greater than necessary to achieve the goals of sentencing.

Petitioner then contended a sentence below life was appropriate because Congress was apparently considering a bill to adjust the career offender enhancement under § 3559(c)(1) from a mandatory term of life imprisonment to a maximum 25 years imprisonment. The sentencing court found the argument to be meritless. Noting that the law had not changed, the court found that the § 3553(a) factors independently made clear that the appropriate sentence here was a life sentence.

Petitioner net contended he could not be sentenced to life under § 3559(c)(1), a three-strikes provision, because the maximum sentence for his third offense (the Fall 2013 bank robberies) was 25 years imprisonment. The court found the argument meritless. Petitioner was previously convicted of armed bank robbery in 1974 and 1997 and thus he was clearly subject to the three strikes provision. See United States v. Johnson, 915 F.3d 223, 228 (4th Cir. 2019) (defendant previously convicted of prior robberies appropriately sentenced to life imprisonment under § 3559(c) for third offense); United States v. Snype, 441 F. 3d 119, 142-43 (2d Cir. 2006) (same). And again, the court noted that Petitioner's § 3553(a) factors pointed persuasively to the conclusion that a life sentence was the appropriate sentence here.

On October 12, 2021, Petitioner appealed the sentencing court's decision to the Fourth Circuit Court of Appeals. Stoddard, Case No. 1:14-cr-00076-TSE (Doc. 406.)  On December 27, 2021, the Fourth Circuit affirmed. Id. (Doc. 411.)

On September 28, 2022, Petitioner filed the instant federal petition.

**DISCUSSION**

I.  Successive Petition

In the instant petition, Petitioner presents the same claims he presented in prior motions before the sentencing court. Indeed, a copy of his memorandum in support of his Rule 59 and 60 motion to alter and amend judgment filed in the sentencing court is designated as "Ground One." As noted above, the sentencing court rendered a decision on the merits on this motion and the claims presented therein on July 6, 2021. United States v. Stoddard, Case No. 1:14-cr-00076-TSE (E.D. Va. 2014) (Doc. 395.)

Claims raised by a state prisoner in a second or successive § 2254 petition that were previously presented in a prior application must be dismissed. 28 U.S.C.A. § 2244(b)(1). This is an absolute bar against raising in a second or successive habeas corpus application a claim that was presented in a prior application. Graham v. Johnson, 168 F.3d 762, 789 (5th Cir. 1999). In this case, Petitioner is a federal prisoner. The Supreme Court has yet to decide whether the second or successive restrictions applicable to federal prisoners (§ 2255(h)) should be interpreted in the same manner as those applicable to state prisoners (§ 2244(b)). Gonzalez v. Crosby, 545 U.S. 524, 530 n.3 (2005) (although § 2255 "is similar to, and refers to, the statutory subsection applicable to second or successive section 2244 petitions, it is not identical").

Although § 2255 does not contain a provision governing "same claim" petitions comparable to § 2244(b)(1) applicable to state prisoners, federal courts have held that "prior application" in § 2244(b)(1) encompasses a prior motion under § 2255. White v. United States, 371 F.3d 900, 901 (7th Cir. 2004) ("It would be odd if Congress had intended that a federal prisoner could refile the same motion over and over again without encountering a bar similar to that of section 2244(b)(1), and we have therefore held that 'prior application' in that section includes a prior motion under section 2255"); see also In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016); Green v. United States, 397 F.3d 101, 102 n.1 (2d Cir. 2005) (*per curiam*); Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002); Bennett v. United States, 119 F.3d 468 (7th Cir. 1997); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) (assuming, in dicta, that § 2244(b)(1) is applicable to second or successive § 2255 motions).

Because Petitioner has already sought and been denied relief for his claims in a prior proceeding, the instant petition should be dismissed as successive.

II.     Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241 when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

Here, Petitioner fails to satisfy the savings clause because he fails to demonstrate he has never had an unobstructed procedural opportunity to present his claim. As previously discussed, Petitioner presented the identical claims to the sentencing court where they were denied on the merits. Pursuant to § 2255(e), the petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as successive and for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 1, 2022**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE