**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHONSO STUDDARD, aka ALPHONSO STODDARD,[1]<br><br>Petitioner,<br><br>v.<br><br>B. M. TRATE,<br><br>Respondent. | Case No.: 1:22-cv-01233-SKO (HC)<br><br>ORDER SUPPLEMENTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Atwater, California. On September 28, 2022, he filed the instant federal petition challenging his sentence. (Doc. 1.) On November 2, 2022, the undersigned issued Findings and Recommendations to dismiss the case as successive and for lack of jurisdiction. (Doc. 5.) Petitioner filed objections on December 2, 2022. (Doc. 9.) On December 16, 2022, the District Court issued an order for supplemental briefing for clarification of Petitioner's claim. (Doc. 10.) On January 9, 2023, Petitioner filed a response to the Court's order. Upon review of Petitioner's submission, the Court finds that Petitioner fails to satisfy the savings clause in § 2255 and therefore

---

[1] The caption of this case as well as the form petition lists Petitioner's name as "Alphonso Studdard." However, Petitioner's name in the court of conviction is listed as "Alphonso Stoddard."

1

lacks jurisdiction to consider the claim. Therefore, the undersigned issues these supplemental Findings and Recommendations that the instant petition be DISMISSED.

## DISCUSSION

I.     Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (*per curiam*). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843

F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy, and thus that the petitioner may proceed under Section 2241, when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency.  Id.

In his supplemental brief, Petitioner contends he is actually innocent of his mandatory minimum life sentence of imprisonment under 18 U.S.C. § 3559(c)(1) due to nonqualifying prior predicate convictions in violation of the Fifth and Eighth Amendments.  (Doc. 11 at 2.)  In Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit held that a petitioner may be entitled to the benefit of the escape hatch if he can establish actual innocence of a mandatory sentencing enhancement. Id. at 1189-1190.  The Court of Appeals clarified that Allen is limited to petitioners who "received a mandatory sentence under a mandatory sentencing scheme." Shepherd, 5 F.4th at 1077 (quoting Allen, 976 F.3d at 869 (W. Fletcher, J. concurring in the denial of the petition for rehearing *en banc*)). As the Ninth Circuit explained, "a fact increasing a mandatory minimum sentence is analogous to an 'element of the offense.'" Shepherd, 5 F.4th at 1077 (quoting Allen, 950 F.3d at 1189).

Here, Petitioner was sentenced to a mandatory term of life imprisonment under 18 U.S.C. § 3559(c)(1).  Therefore, it appears Petitioner satisfies the first prong of the savings clause test.  As discussed below, however, Petitioner has had multiple procedural opportunities to present his claim.

### B.  Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

Petitioner first contends his prior predicate offenses do not qualify because they were committed when Petitioner was a juvenile.  (Doc. 11 at 3.)  Petitioner cites Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 577 U.S. 190 (2016) in support.  In Miller, the Supreme Court held that a mandatory term of life without parole for those under the age of 18 violates the Eighth Amendment's prohibition on cruel and unusual punishments.  567 U.S. at 465.  In Montgomery, the Supreme Court held that Miller's prohibition of mandatory life without parole sentences for juvenile offenders was a new constitutional rule that was retroactive on state collateral review.  577 U.S. at 212.  This challenge was available to Petitioner in any of his collateral challenges.  Petitioner could have raised it in his motion to vacate pursuant to § 2255, which was filed on October 6, 2017.  See United States v. McNeal, Case No. 1:14-cr-00076-TSE-3 (E.D. Va.) (ECF 330.)  Petitioner's challenge is also meritless. As Petitioner admits, he was 19 at the time of the first bank

4

robbery, and 20 at the time of the second.  Miller and Montgomery are inapplicable since Petitioner was not under the age of 18.

Petitioner also contends that his third bank robbery, while committed as an adult, was more than 15 years before the instant offense, and therefore was nonqualifying.  Petitioner makes no showing that this claim was unavailable at trial or in any of his subsequent challenges.  Therefore, he fails to demonstrate that he did not have an unobstructed procedural opportunity to present the claim.  The claim is also meritless.  Petitioner does not articulate how the third bank robbery is nonqualifying, and the authority he cites are unsupportive.  Petitioner cites to the statute itself, 18 U.S.C. § 3559, but he provides no reason why the statute renders the third bank robbery a nonqualifying felony.  Petitioner also cites to Simpson v. Thomas, 528 F.3d 685 (9th Cir. 2008) and Fed. R. Evid. 609(b) and (d).  Simpson provides no assistance to Petitioner, nor does Fed. R. Evid. 609.  In Simpson, the appellate court held that convictions more than ten years old may not be used for impeachment purposes under Rule 609 unless the court determines "that the probative value of the conviction supported by specific facts and evidence substantially outweighs its prejudicial effect." 528 F.3d at 689 (citing Fed. R. Evid. 609(b)).  Simpson and Rule 609 concern the introduction of evidence at trial and have no application with respect to the use of prior convictions in sentencing.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

**RECOMMENDATION**

Based on the foregoing, the Court issues this supplemental Findings and Recommendations recommending that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 12, 2023**                                          /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE