UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO STUDDARD, aka ALPHONSO STODDARD,<br><br>Petitioner,<br><br>v.<br><br>B. M. TRATE,<br><br>Respondent. | No. 1:22-cv-01233-JLT-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Docs. 5, 12)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

The assigned magistrate judge issued Findings and Recommendations to dismiss the petition as successive and for lack of jurisdiction. (Doc. 5.) Petitioner filed objections to the Findings and Recommendations. (Doc. 9) The Court directed Petitioner to provide further briefing (Doc. 10), and he complied. (Doc. 11.) After tis briefing, the Magistrate Judge issued supplemental Findings and Recommendations, which recommended the petition be dismissed for lack of jurisdiction. (Doc. 12.) The Court granted Petitioner 21 days to file objections. The Court granted Petitioner's request for an additional thirty days to file objections. (Docs. 13, 14.) The deadline has now passed, and Petitioner has not filed objections.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the

case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendations and supplemental Findings and Recommendations are supported by the record and proper analysis.

In addition, after the Magistrate Judge issued the supplemental Findings and Recommendations, the Supreme Court issued its opinion in *Jones v. Hendrix*, 2023 WL 4110233 (2023). In *Jones*, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*., at *5. The Supreme Court noted that § 2255(h) limited second or successive § 2255 motions to those that contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*., *7 (quoting 28 U.S.C. § 2255(h)). As to those challenges that fall outside of § 2255(h), the Supreme Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*., at *9. Following *Jones*, claims of error based on an intervening change in statutory interpretation may not be brought under § 2241 through the savings clause. Consequently, any claim Petitioner may seek to raise based on an intervening change in statutory interpretation is foreclosed by *Jones*.

The Court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). Further, a certificate of appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>  (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly,

1. The Findings and Recommendations issued on November 2, 2022, (Doc. 5), as supplemented (Doc. 12), are **ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to enter judgment and close the case; and

4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __**July 27, 2023**__

UNITED STATES DISTRICT JUDGE